## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **ABBY HOROWITZ AND JOSEPH SIERZPUTOWSKI AS PARENTS AND NEXT FRIENDS OF ARIANA SIERZPUTOWSKI  and INDIVIDUALLY,** | : : : : : | |
| | : | **CIVIL ACTION NO.** |
| **PLAINTIFFS** | : : | |
| **V.** | : : | **OCTOBER 4, 2013** |
| **YMCA CAMP MOHAWK, INC.,** | : : | |
| **DEFENDANT** | : : | |

## COMPLAINT

### INTRODUCTION

Plaintiffs Abby Horowitz and Joseph Sierzputowski bring this action on behalf of their minor daughter, Ariana Sierzputowski, to recover for the catastrophic personal injuries she sustained as a result of the negligence of the defendant while Ariana attended the YMCA Camp Mohawk for Girls, a camp owned and run by YMCA Camp Mohawk, Inc., during the summer of 2011.  Plaintiffs seek to recover for their daughter's injuries and for the substantial damages that she has sustained, and will continue to sustain, as a result of her injuries.

**JURISDICTION**

1.    Plaintiffs Ariana Sierzputowski, Abby Horowitz and Joseph Sierzputowski are citizens of the State of New York.

2.    Defendant YMCA Camp Mohawk, Inc. is a domestic, regular, non-stock corporation incorporated in the State of Connecticut and with a principal place of business in the State of Connecticut.

3.    This Court has jurisdiction under 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy exceeds $75,000.

4.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) in that a substantial part of the events or omissions giving rise to the plaintiffs' claims occurred in this District; the injury at issue was inflicted in this District; and the defendant is incorporated in, and has its principal place of business in, this District.

**FIRST CLAIM FOR RELIEF:**
**(Negligence: Abby Horowitz and Joseph Sierzputowski as parents and next friends of Ariana Sierzputowski v. YMCA Camp Mohawk, Inc.)**

5.    From July 10 to August 6, 2011, then 14-year-old Ariana Sierzputowski attended the YMCA Camp Mohawk for Girls in Litchfield, Connecticut, a camp owned and run by defendant YMCA Camp Mohawk, Inc.

6.    While Ariana attended the camp, she was in the sole care and custody of the defendant and the defendant's employees, agents, servants and representatives.

7.     While Ariana attended the camp, the defendant stood *in loco parentis* to Ariana.

8.     While Ariana attended the camp, the defendant had the duty and responsibility to do everything in its power to keep her safe and protected from disease.

9.     Among other materials prepared by the defendant and given by the defendant to Ariana and to her parents prior to Ariana's attendance at the camp was a Parent Information Handbook which acknowledged "the probability of a tick attaching itself to a camper and possibly causing Lyme's Disease", and promised a "four-stage program" of precautions to protect campers against that risk.

10.    The "four-stage program" included the following: (a) "daily, each camper is observed in a state of undress (as discreetly as possible) by her cabin counselor for purposes of noticing any rashes, infected bug bites, sores or other unusual skin conditions"; and (b) "campers involved in activities outside of the core and mowed areas of the Camp . . . are informed at the meal preceding that activity to wear appropriate clothing (long pants and sneakers) and apply bug lotion to exposed skin just prior to participation. The activity instructor reinforces this procedure at the time of the activity".

11.    The defendant failed to comply with these Lyme disease precautions in the Parent Information Handbook.

12.    The defendant's cabin counselors failed to observe, or failed to carefully and

3

adequately observe, Ariana for purposes of noticing any rashes, infected bug bites, sores or other unusual skin conditions.

13.    The defendant's cabin counselors failed to notice any unusual skin conditions on Ariana, despite the presence of one or more such conditions.

14.    During the period prior to, on, and possibly following July 18, 2011, an engorged deer tick nymph (a vector for Lyme disease and other tick-borne diseases) was attached to Ariana's upper left arm, in plain site to any cabin counselor, nurse, or other camp staff member observing Ariana for the purpose of noticing the presence of a tick or other unusual skin condition.

15.    During the period July 10 to August 6, 2011, including the period prior to July 15, one or more other ticks infected with Lyme disease were attached to Ariana's body and infected her with such disease.

16.    The defendant failed to inform Ariana, prior to activities outside of the core and mowed areas of the camp, to wear appropriate tick-bite protective clothing.

17.    Appropriate tick bite protective clothing includes: light-colored long pants, light colored socks, light-colored long-sleeved shirt, and tucking pants into socks.

18.    The defendant failed to consistently inform Ariana, prior to activities outside of the core and mowed areas of the camp, to apply bug lotion to exposed skin prior to or during participation.

19.     The defendant failed to inform Ariana or her parents, prior to or during the camp session, that, to protect against ticks infected with Lyme and other tick-borne diseases, the camper must use insect repellent containing DEET.

21.     The defendant also failed to warn or educate Ariana about the risk of contracting a tick-borne disease while at the camp and about the precautions necessary to prevent infection.

22.     As a result of the defendant's failures to comply with its duty to protect Ariana from disease-infected ticks, she was bitten by one or more ticks infected with Lyme disease and she contracted Lyme disease.

23.     The defendant's breaches of its duty of care to Ariana, individually and taken together, were substantial factors causing Ariana to become infected with Lyme disease while at the camp and to suffer the injuries enumerated in this Complaint.

24.     On at least ten separate occasions between July 15 and August 6 Ariana sought care and treatment from the camp infirmary and from the camp infirmary staff, nurse Marie Martone and nurse Anna [last name unknown];

25.     At all relevant times the nurses were agents, servants, employees and representatives of defendant YMCA Camp Mohawk, Inc.

26.     At the time of her visits to the infirmary and her consultations with the camp nurses, Ariana presented with obvious signs and symptoms of Lyme disease and other tick-

5

borne disease.

27.     These signs and symptoms included headache, fever, chills, sweats, muscle and joint pain, extreme fatigue, dizziness and generalized achiness;

28.     The camp nurses failed to document at least six of Ariana's visits and consultations.

29.     Notwithstanding Ariana's complaints and objective evidence of infection with Lyme and other tick-born disease, the nurses failed to examine Ariana for attached ticks or to otherwise conduct a minimally adequate physical examination.

30.     The nurses also failed to examine Ariana for tick bites or skin rashes.

31.     The nurses also failed to advise Ariana to examine herself for attached ticks, tick bites or skin rashes.

32.     The nurses also failed to appreciate that Ariana's symptoms were consistent with Lyme and other tick-borne disease.

33.     The nurses also failed to advise Ariana or her parents that Ariana's symptoms were consistent with Lyme and other tick-borne disease.

34.     The nurses also failed to appreciate that Ariana required immediate medical care, treatment and advice by a competent and qualified medical practitioner.

35.     The nurses also failed to develop a plan of action and follow-up care.

36.     The nurses also failed to follow the nursing process.

37.    The nurses also failed to refer Ariana, or to ensure that she was referred, to a competent and qualified medical practitioner for immediate care, treatment and advice.

38.    Also during the period July 15 to August 6, 2011, Ariana reported her symptoms to her two cabin counselors, both of whom were agents, servants, employees and representatives of defendant YMCA Camp Mohawk, Inc.

39.    Notwithstanding Ariana's repeated complaints, and obvious evidence of her illness, the cabin counselors failed to provide, or to ensure the provision of, competent and qualified medical attention, care and treatment.

40.    The cabin counselors also failed to notify Ariana's parents of Ariana's complaints and condition.

41.    As a result of the defendant's negligent acts and omissions, individually and taken together, Ariana suffered, continues to suffer, and will in the future suffer the following injuries and conditions, all of which are severe and debilitating:

      a.    Lyme disease;

      b.    Chronic Lyme disease and/or late Lyme disease and/or post-Lyme disease syndrome;

      c.    Co-infection with other tick-transmitted disease;

      d.    Encephalopathy and sequelae,

      e.    Cognitive impairment, including memory loss, attention deficits,

confusion, and executive functioning disabilities;

f.     Radicular pain;

g.     Paresthesia;

h.     Dysesthesia;

i.     Headaches;

j.     Widespread musculoskeletal pain and inflammation;

k.     Arthritis;

l.     Insomnia;

m.     Hypersomnia;

n.     Depression;

o.     Anxiety;

p.     Muscle spasms, twitching and weakness;

q.     Air hunger/difficulty breathing;

r.     Heart palpitations;

s.     Dizziness/fainting;

t.     Blurred vision;

u.     Disorientation;

v.     Tinnitus;

w.     Light and sound sensitivity;

x.      Dental pain;

y.      Skin hypersensitivity;

z.      Weight gain and loss;

aa.     Decreased appetite;

bb.     Menstrual irregularities and severe pain and

        nausea/vomiting;

cc.     Sweats and chills;

dd.     Extreme fatigue; and

ee.     Mental and emotional suffering and anguish.

42.     As a further result of the defendant's negligent acts and omissions, individually and taken together, Ariana will in the future suffer loss of her earning capacity.

43.     As a further result of the defendant's negligent acts and omissions, individually and taken together, Ariana will in the future incur hospital, rehabilitation and other medical expenses all to her financial loss.

44.     As a further result of the defendant's negligent acts and omissions, individually and taken together, Ariana has suffered and will continue to suffer a loss of her ability to carry on and enjoy all of life's activities.

45.     As a further result of the defendant's negligent acts and omissions, individually and taken together,  Ariana missed 52 days of  her 10th grade of school and 45

days of her 11th grade; she is currently unable to attend the 12th grade; for those days of school she was able to attend, she suffered numerous tardies, early dismissals, and nurse visits; and her grades, class standing, and ability to be accepted to college suitable to her abilities, intelligence and talents have been irreparably compromised.

**SECOND CLAIM FOR RELIEF:**
**(Medical Negligence: Abby Horowitz and Joseph Sierzputowski as parents and next friends of Ariana Seirzputowski v. YMCA Camp Mohawk, Inc.)**

1-23.   Paragraphs 1 through 1-8, 14-15, 24-37 of The First Claim for Relief are re-alleged as Paragraphs 1 through 23 of this Second Claim for Relief with the same force and effect as if fully set forth herein.

24.   YMCA Camp Mohawk, Inc.'s camp infirmary, and its infirmary staff, were health care providers charged with the duty and responsibility of providing competent, qualified medical care to Ariana and to the other minor girls in the camp's care and custody.

25.   The camp nurses breached the applicable standard of care in their care and treatment of Ariana Sierzputowski.

26.   The nurses' breaches of the applicable standard of care, individually and taken together, were substantial factors causing Ariana's injuries.

27.   As a result of the nurses' breaches of the standard of care, individually and taken together, Ariana suffered, continues to suffer, and will in the future suffer the

following injuries and conditions, all of which are severe and debilitating:

a. Lyme disease;

b. Chronic Lyme disease and/or late Lyme disease and/or post-Lyme disease syndrome;

c. Co-infection with other tick-transmitted disease;

d. Encephalopathy and sequelae,

e. Cognitive impairment, including memory loss, attention deficits, confusion, and executive functioning disabilities;

f. Radicular pain;

g. Paresthesia;

h. Dysesthesia;

i. Headaches;

j. Widespread musculoskeletal pain and inflammation;

k. Arthritis;

l. Insomnia;

m. Hypersomnia;

n. Depression;

o. Anxiety;

p. Muscle spasms, twitching and weakness;

q.   Air hunger/difficulty breathing;

r.   Heart palpitations;

s.   Dizziness/fainting;

t.   Blurred vision;

u.   Disorientation;

v.   Tinnitus;

w.   Light and sound sensitivity;

x.   Dental pain;

y.   Skin hypersensitivity;

z.   Weight gain and loss;

aa.   Decreased appetite;

bb.   Menstrual irregularities and severe pain and

nausea/vomiting;

cc.   Sweats and chills;

dd.   Extreme fatigue; and

ee.   Mental and emotional suffering and anguish.

28.   As a further result of the nurses' breaches of the standard of care, individually and taken together, Ariana will in the future suffer loss of her earning capacity.

29.   As a further result of the nurses' breaches of the standard of care, individually

and taken together, Ariana will in the future incur hospital, rehabilitation and other medical expenses all to her financial loss.

30.     As a further result of the nurses' breaches of the standard of care, individually and taken together, Ariana has suffered and will continue to suffer a loss of her ability to carry on and enjoy all of life's activities.

31.     As a further result of the defendant's negligent acts and omissions, individually and taken together,  Ariana missed 52 days of her 10th grade of school and 45 days of her 11th grade; she is currently unable to attend the 12th grade; for those days of school she was able to attend, she suffered numerous tardies, early dismissals, and nurse visits; and her grades, class standing, and ability to be accepted to college suitable to her abilities, intelligence and talents have been irreparably compromised.

32.     The plaintiffs hereby certify, pursuant to Conn. Gen. Stat. Sec. 52-190a, that they have made a reasonable inquiry as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care and treatment of Ariana Sierzputowski. This reasonable inquiry has given rise to a good faith belief that grounds exist for an action against the named defendant.  A written and signed opinion of a similar health care provider, as required by Section 52-190a, has been obtained. A copy of the written opinion, in the form required by Section 52-190a, is attached hereto.

33.     Attached hereto and incorporated herein is a June 20, 2013 Order of the

13

Superior Court extending the limitations period on this Second Claim for Relief by 90 days.

**THIRD CLAIM FOR RELIEF:**
**(Negligence: Abby Horowitz and Joseph Sierzputowski, indvidually v. YMCA Camp Mohawk, Inc.)**

    1-78.    All of the First and Second Claims for Relief are re-alleged as Paragraphs 1 through 78 of this Third Claim for Relief with the same force and effect as if fully set forth herein.

    79.    As a further result of the defendants' negligent acts and omissions, as described above, Abby Horowitz and Joseph Sierzputowski have incurred, and will in the future incur, hospital, rehabilitation and other medical expenses, all to their financial loss.

WHEREFORE, the plaintiffs pray for the following relief:

1.    Compensatory damages in the amount of $41,750,000.00 plus costs;

2.    Such other relief as the Court deems just and proper.

THE PLAINTIFFS

By /s/ Antonio Ponvert III
    Antonio Ponvert III
    Federal Bar No. ct 17516
    Koskoff Koskoff & Bieder
    350 Fairfield Avenue
    Bridgeport, Connecticut 06604
    TEL: 203-336-4421
    FAX: 203-368-3244
    Email: aponvert@koskoff.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ABBY HOROWITZ AND JOSEPH SIERZPUTOWSKI AS PARENTS AND NEXT FRIENDS OF ARIANA SIERZPUTOWSKI and INDIVIDUALLY, | : : : : : : | CIVIL ACTION NO. |
| PLAINTIFFS | : : | |
| V. | : : | OCTOBER 4, 2013 |
| YMCA CAMP MOHAWK, INC., | : : | |
| DEFENDANT | : : | |

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civil P. Rule 38, the plaintiffs in the above-captioned matter hereby demand a trial by jury on all issues.

THE PLAINTIFFS

By /s/ Antonio Ponvert III
   Antonio Ponvert III
   Federal Bar No. ct 17516
   Koskoff Koskoff & Bieder
   350 Fairfield Avenue
   Bridgeport, Connecticut 06604
   TEL: 203-336-4421
   FAX: 203-368-3244
   Email: aponvert@koskoff.com